IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXCLUSIVE SUPPLEMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1652 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| BAHER ABDELGAWAD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff brings the instant lawsuit alleging violations of the Lanham Act, 15 U.S.C § 1051 *et seq.*, involving the use of three disputed trademarks.[1]  Plaintiff also raises a litany of related state law claims as well.[2]

On November 14, 2012, Plaintiff filed a motion for preliminary injunction in which it sought an order enjoining Defendants from using the marks.  (Docs. 7 and 8).  Thirteen days later, on November 27, 2012, Plaintiffs filed a motion for expedited discovery related to the preliminary injunction motion.  (Docs. 9, 11 and 12).  A hearing on this matter initially was scheduled for December 18, 2012, but was postponed until February 12, 2013, by stipulation of the parties.  (Docs. 21 and 22).

---

[1] The marks at issue are: COMPLETE MASS 600 (Stylized), Registration No. 3,559,868; DEPLETE RAPID WEIGHT LOSS (Stylized), Registration No. 3,471,731; and OPTIMUM HEALTH NUTRITION, Registration No. 3,748,091.

[2] The instant case is related to the earlier-filed Abdelgawad v. Mangieri, No. 12-1599, in which Abdegawad sues – both individually and derivatively on behalf of Exclusive Supplements – Mark Mangieri, the majority shareholder of Exclusive Supplements, as well as its directors and other employees.

After the filing of the motion for preliminary injunction, Defendants initiated proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") to cancel the disputed marks based on Plaintiff's alleged fraud during the registration process.[3]  They now move to stay the proceedings in this Court pending a resolution of these issues before the TTAB.  (Doc. 17).  Plaintiff opposes the entry of a stay by this Court and, indeed, has moved for a stay of the proceedings before the TTAB.  (Docs. 23-24).

This order addresses two of the parties' currently-pending motions.  The first is Defendants' motion to stay.  (Doc. 17).  Despite Defendants' arguments to the contrary, proceedings before the TTAB generally are not subject to the doctrine of primary jurisdiction.[4]  Nutraquest, Inc. v All American Pharm. & Natural Foods Corp., No. 06-186, 2007 WL 121448, at *3-*4 (D.N.J. Jan. 11, 2007).  Instead, in order to determine whether this case must be stayed, this Court must carefully balance the competing interests of the parties.  Landis v. N. American Co., 299 U.S. 258, 254-55 (1936).  The movant for a stay must demonstrate "a clear case of hardship of inequity" if there is "even a fair possibility" that a stay would damage another party.  Id. at 255.  Other considerations include (1) the reasonableness of the length of the stay requested; and (2) whether the stay would simplify issues and promote judicial economy.  Id. at 256-57.

---

[3] Plaintiff asserts that it was Defendant Abdelgawad, acting on behalf of Plaintiff as one of its directors, who was responsible for the registration of the marks.  Defendant Abdelgawad appears not to contest this allegation.  See (Docs. 1-3 – 1-5; Doc. 8 at 9; Doc. 16-1 ¶¶ 18-21).

[4] As Senior Judge Debevoise recognized in his opinion, it appears that the Court of Appeals for the Third Circuit has not directly addressed this issue.  However, the District of New Jersey's reasoning in Nutraquest is thorough, logical, and in line with the trend of generally not applying the doctrine of primary jurisdiction to proceedings before the TTAB – at least when claims of infringement are raised in the district court.  See 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32:48 (4th ed. 2012).  For these reasons, the undersigned finds this case to be persuasive.

Defendants, who seek an open-ended stay so that the TTAB may resolve issues that are well within this Court's ability and expertise, fall far short of this standard. Additionally, to the extent that Defendants seek to cancel the registration of the disputed marks, this Court possesses the authority to do so, if appropriate. See 15 U.S.C. § 1119. Moreover, the instant cause of action was filed prior to any cancellation proceedings before the TTAB, and those proceedings still are in their infancy. For these reasons, the motion for stay will be denied.

Next, is Plaintiff's motion for expedited discovery. (Doc. 9). This Court has the authority to grant this relief if good cause exists to do so. See, e.g., Fonovisa, Inc. v. Does 1-9, No. 07-155, 2008 WL 919701, at *10 n.22 (citing Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Given the wildly divergent factual assertions made by the parties in their filings – as well as the internal inconsistencies sometimes present in those assertions – it is clear that this case would benefit from conducting some discovery prior to the preliminary injunction hearing scheduled for February 12, 2013. However, as Defendants properly note, the terms of the discovery requested by Plaintiff are quite broad, and may exceed the scope of what is necessary to prepare for that hearing. As such, this Court will grant Plaintiff's motion in part. The parties shall be allowed to engage in expedited discovery of information relevant to the upcoming preliminary injunction hearing only. Additionally, the parties shall meet and confer to determine the reasonable scope of this discovery. Any disputes must be resolved in the manner set forth in the undersigned's practices and procedures (see web page at http://www.pawd.uscourts.gov/Documents/Judge/bissoon_pp.pdf).

AND NOW, this 15th day of January, 2013,

IT IS HEREBY ORDERED that Defendants' motion to stay (Doc. 17) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for expedited discovery (Doc. 9) is GRANTED IN PART. The parties shall meet and confer to determine the reasonable scope of discovery, and any disputes must be resolved in the manner set forth in the undersigned's practices and procedures. Additionally, all discovery for the preliminary injunction hearing in this matter must be completed no later than **February 8, 2013**.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):

All Counsel of Record